*E-FILED: August 23, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT BROWN,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, ET AL.<br><br>　　　　　Defendants.<br>_____/ | No. C12-04587 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Dkt. 5)** |

Plaintiff Robert Brown sues for alleged statutory and common law violations in connection with his home mortgage. His complaint asserts seven claims for relief: (1) Declaratory Relief; (2) Negligence; (3) Violation of the Helping Families Save Their Homes Act, 15 U.S.C. § 1641; (4) Violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*; (5) Wrongful Foreclosure and to Set Aside Trustee's Sale; (6) Violation of 15 U.S.C. 1641(g); and (7) Quiet Title. Plaintiff sues U.S. Bank National Association ("U.S. Bank") as the trustee for a pool of securitized mortgages, and Wells Fargo Bank, N.A. ("Wells Fargo") as the servicer of his mortgage.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move to dismiss the complaint.[1] Plaintiff opposes the motion.[2] Both parties have expressly consented that all proceedings in this matter may

---

[1] Defendants have submitted some loan-related records and have asked the Court to take judicial notice of them. Defendants' request for judicial notice is denied as moot as the Court has not considered or relied upon them in ruling on this motion.

[2] Plaintiff's opposition was filed over two months late. It exceeds the page limit set by Civ. L. R. 7-3(a), and addresses arguments that were not made in defendants' motion to dismiss (*e.g.* plaintiff argues against a motion to strike punitive damages that defendants did not bring; plaintiff argues that he has standing but defendants did not challenge his standing). Though the Court does not condone plaintiff's late filing and disregard for the Local Rules (and the substance

be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73. The matter was deemed appropriate for determination without oral argument. Having considered all of the papers submitted by the parties, this Court grants defendants' motion with leave to amend.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri*, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). *See also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

of the motion it purports to respond to), it considered the substance of the opposition in an effort to reach a decision on the merits.

2

detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." *Id.*

### DISCUSSION

**A. Violation of The Helping Families Save Their Homes Act of 2009 and Violation of 15 U.S.C. § 1641(g)**

Plaintiff's claims for violation of The Helping Families Save Their Homes Act of 2009 and violation of 15 U.S.C. § 1641(g) both arise under the Truth in Lending Act, 15 U.S.C. § 1641(g) ("TILA"). Plaintiff alleges that his property was foreclosed upon because defendants failed to provide written notice within 30 days after the assignment of his loan. (Complaint, Dkt. 1 ("Compl."), ¶¶ 100, 102, 105).

Defendants move to dismiss the TILA claims on the basis that they time-barred and insufficiently pled. Ordinarily, a plaintiff must bring an action seeking redress for TILA violations within one year from the alleged violation. 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). According to the complaint, the assignment of Brown's Deed of Trust was completed by May 17, 2011. (Compl. ¶ 126.) Brown should have received written notice no later than June 17, 2011 and would have had to bring a TILA violation claim before June 17, 2012. Plaintiff filed his complaint on August 31, 2012, a couple months too late.

The Complaint does contain assertions that defendants' failure to provide required TILA disclosures equitably tolled the statute of limitations because plaintiff "could not have with reasonable diligence discovered such facts because [he] did not receive copies of the Assignment as required by law." (Compl. ¶ 103.) This claim misstates the law—the mere existence of TILA violations does not also support equitable tolling of TILA's statute of limitations. *Garcia v. Wachovia Mortg. Co.*, 676 F.Supp.2d 895, 906 (C.D. Cal. 2009). The fact that defendants allegedly did not provide the required notice does not, in and of itself, also serve as a basis for equitable

3

tolling. *See id.* (reasoning that a contrary rule would render the one-year statute of limitations meaningless). Rather, "[e]quitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *O'Donnell v. Vencor Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted). The Complaint contains no allegations that Brown pursued judicial remedies during the statutory period or that defendants tricked him into allowing the filing deadline to pass. (*See generally* Compl.) Brown's opposition to the motion to dismiss only argues that defendants "have not provided the Court with any authority demonstrating that Plaintiff unquestionably should have discovered the transfer or assignment of his mortgage because such assignment was available in the public records (when Plaintiff apparently had no reason to believe that he should be scouring the public records in the first place)." (Opposition, pg. 26). Plaintiff concedes that the transfer was a matter of public record, and provides no reason, other than the alleged violation itself, to equitably toll the statute of limitations. The Court concludes that Brown's TILA claims should be dismissed as time-barred. Plaintiff will, however, be given leave to amend. If there are reasons, other than the alleged TILA violations themselves, that plaintiff's claims should be equitably tolled, plaintiff should allege them in any amended complaint.

**B. Violation of the Fair Debt Collection Practices Act**

Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), by attempting to collect on plaintiffs debt in inappropriate ways. Defendants move to dismiss this claim on the basis that neither of them are "debt collectors," as defined by the FDCPA, and neither engaged in debt collecting activities. According to the complaint, defendant U.S. Bank became the trustee for plaintiff's mortgage after it was assigned to U.S. Bank in May 2011. (Compl. ¶¶ 125, 126). Defendant Wells Fargo is the servicer of plaintiff's mortgage. (*Id.* ¶¶ 124).

4

1    The Court agrees with defendants that plaintiff has not alleged an FDCPA claim against
2  them based on their foreclosure. For purposes of the FDCPA, "a debt collector does not include the
3  consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt
4  was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th
5  Cir.1985), *modified on other grounds*, 761 F.2d 237 (5th Cir.1985) (internal citations omitted); *Lal
6  v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D.Cal.2010) ("The law is well settled
7  that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage
8  servicing company, or any assignee of the debt .") (internal citations and quotation marks omitted)
9  (collecting cases); *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (E.D.Cal.2009) (same).
10  Here, defendants are a mortgage servicer and the current holder of plaintiff's loan. There are no
11  allegations in the complaint, and no arguments made in the opposition, that the loan was in default
12  when it was assigned to U.S. Bank. (*See* Compl. ¶¶ 107-112; Opposition pp. 22-23).

   Moreover, "the 'activity of foreclosing on property pursuant to a deed of trust is not the
collection of a debt within the meaning of the' FDCPA." *Junger v. Bank of America, N.A.*, 2012
WL 603262 at *4 (quoting *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906, *6 (S.D.Cal.
Oct.30, 2008)); *see Hulse v. Ocwen Fed. Bank*, FSB, 195 F. Supp.2d 1188, 1204 (D.Or.2002)
(same). Defendants conducted a nonjudicial foreclosure sale as a result of plaintiff defaulting on his
loan agreement. This conduct does not constitute "debt collection" under the FDCPA.
Accordingly, plaintiff's FDCPA claim fails. Plaintiff will, however, be given leave to amend.

**C. Plaintiff's State Law Claims**

   The TILA and FDCPA claims discussed above are Brown's sole federal claims for relief.
Though plaintiff alleges that this Court has both federal question jurisdiction and diversity
jurisdiction, the complaint fails to plead diversity jurisdiction. Diversity jurisdiction exists in a suit
between citizens of different states only "where the matter in controversy exceeds the sum or value
of $75,000, exclusive of interest and costs." 28 USC § 1332 (a). The complaint alleges that the

5

amount in controversy exceeds $75,000, but it does not indicate the citizenship of any of the defendants. (*See* Compl. ¶¶ 3-7).

In view of the dismissal of plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims unless and until a viable federal claim is adequately pled. *See* 28 U.S.C. § 1367. Accordingly, these claims are also dismissed, without prejudice to plaintiff to include them in an amended complaint that adequately states a viable federal claim for relief or adequately alleges diversity jurisdiction.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' motion to dismiss is granted as to plaintiff's TILA and FDCPA claims with leave to amend;

2. Plaintiff's state law claims are dismissed without prejudice;

3. If plaintiff chooses to amend his complaint, his amended pleading shall be filed within 14 days from the date of this order.

Dated: August 23, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 12-04587 HRL Order will be electronically mailed to:**

Batkhand Zoljargal zola@mytrustedattorney.com

Jeremy J. Alberts jeremy@mytrustedattorney.com, jesse@mytrustedattorney.com

Mary Catherine Kamka mkk@severson.com, ae@severson.com, jc@severson.com, klm@severson.com, mks@severson.com

Peter Nathan Osborn peter.nathan.osborn@gmail.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**